OPINION of the Court, by
Judge Owsley.-
— This is a'contest for land* under advé^fe conflicting claims-The Ippellee was complainant in the court below, and as he must succeed upon the strength of his own claim, it is proper we should first inquire into the validity of his entry. It is in the followitig^trds:
- “ John Barnett enters 400*ac res'upon a treasury Warrant No. 385, adjoining Samuel Barton’s settlement and pre-emption on the west side, and to run «⅝⅜⅛ for quantity. July 16, If81.”
Previous to the date of this entry, ánd on the 20th of December 1779, Samuel Barton obtaifcpd from the court of commissioners a certificate for settlement and preemption, on account of raising a crop of corn in the country in 1775, and on the 1.5th of January 1780, entered his settlement with the surveyor in the following words :
“ Samuel Barton enters 400 acres by virtue of a certificate, &c. lying on Silver creek, at the Bull Lick.”
And on the 27Vh of October 3 780, William Dryden, as assignee of Samuel Barton, entered the pre-emption with the surveyor in the following words :
“William Dryden, assignee of Samuel Barton, enters a pre-emption warrant of 1000 acres, on Silver creek, at the Bull Lick, on the south side of Kentucky, adjoining his settlement.”
In giving a construction to Barnett’s entry, the question necessarily occurs, should it be made to adjoin the settlement entry in the name of Barton, or the preemption entry in the name of Dryden as the assignee of Barton ? In the case of Smith vs. Walton. (ante 152,) this question directly occurred and met with the adjudication of this court. It was then held, and we apprehend correctly, that a call like that in Barnett’s entry to adjoin a settlement and pre-emption, when the pre-emption had been previously surveyed in the name of an assignee, should be construed to adjoin the settlement. Considering then the entry of Barnett as calling to adjoin Barton’s settlement, we are led to inquire-whether his claim is sufficiently established j and if 80⅛ how it should be surveyed ?
*425 , That Barton’s settlement entry is sufficiently established, we are of opinion does not admit of a doubt. Although several of the witnesses, when speaking of Silver creek and the Bull lick, date their knowledge of those places in the summer of the year 1780, yet when taken in connection with the other evidence in the cause it is evident those places were sufficiently notorious at the date of Barton’s e%try to maintain its validity. But it is urged, admitting the entry to be good, that Silver creek is a locative call, and should give position to the survey. Were there any expressions in the entry of Barton, indicating an intention in the locator to make Silver creek, throughout the extent of his claim, locative, it would be Admitted the general course of the creek would regulate the position of the survey. That Silver creek is a locative call, will not be denied j but the call to lie on S.lver creek at the Bull lick, strongly implies the locator intended a point on the creek at the lick, in exclusion of any other part of the creek, and negatives the itiea of an intention that the creek in any other part should give shape to his claim : for had he sQ intended, in all reasonable probability be would have indicated that intention by calling to run up and down the creek for quantity* or by some other expressions manifested what distance on the creek his claim Should extend.
We are of opinion, therefore, the court below properly sustained the settlement entry of Barton, and correctly directed it to be surveyed in a square at the cardinal points, making Silver creek at the Bull lick iis centre: and as we have before shewn, Barnett’s entry should adjoin Barton’s settlement, the survey should have been matje in a square to the cardinal points, adjoining Barton’s settlement on the west and extending westwardly forquantity.
This mode of surveying Barnett’s claim differs from that directed by the court below, but as the same land that was decreed to Barneti will be included in the survey when thus made, it can produce no effect in the decree pronounced in this cause.
Barnett then having shewn a valid claim to the land decreed him by the court below, that decree must be affirmed, unless the,tclaim of ¿noddy to the land contained in the decree is the one, ¿noddy de* *426 rives title under Dryden’s entry upon the pre-emptio® warrant as assignee of Barton. That entry is elder ira date than Barnett’s, and as it is made to depend ora Barton’s settlement, it is clear it mustbe sustained, and should be-surveyed as diretted by the court below all round Barton’s settlement. But as the land decreed to Barnett will include no part of Snoddt’s claim under D' yden, when thus surveyed, it results Barnett has the better right to the land in contest.
Decree affirmed.